IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Sintell McCrae, a/k/a Travis McCrea, | ) ) ) | CASE NO.: 4:25-cv-13116-JD-TER |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **MEMORANDUM ORDER AND OPINION** |
| TransUnion LLC, Todd Cello, Chief Financial Officer, TransUnion LLC, Equifax Information Services LLC, John W. Gamble, Jr., Chief Financial Officer, Equifax Inc., Experian Information Solutions, Inc., Lloyd Pitchford, Chief Financial Officer, Experian North America, Capital One Financial Corporation, Andrew Young, Chief Financial Officer, Capital One Financial Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with

28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South

Carolina.[1] (DE 13.) The Report recommends that this action be dismissed without

prejudice and without issuance and service of process and that all pending motions

be deemed moot. (*Id.*) Plaintiff Travis Sintell McCrae, proceeding *pro se*, filed

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

objections to the Report. (DE 15.) Plaintiff later filed an additional objection and related amended motion materials. (DE 17.) Plaintiff also filed a Verified Amended Complaint after the Report and after the case was ready for ruling. (DE 18.)

## I.    BACKGROUND

Plaintiff filed this civil action on October 24, 2025, naming TransUnion LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., and Capital One Financial Corporation as Defendants. (DE 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (DE 2.)

On October 29, 2025, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and entered a proper-form order directing Plaintiff to file an amended complaint because the original complaint contained deficiencies rendering the action subject to summary dismissal. (DE 5; DE 6.) The proper-form order advised Plaintiff that he must provide facts showing how each named defendant was personally involved in the alleged violations. (DE 5.)

Plaintiff filed an Amended Complaint on November 12, 2025. (DE 8.) The Amended Complaint names TransUnion LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., Capital One Financial Corporation, and several corporate chief financial officers as Defendants. (*Id.*) Liberally construed, Plaintiff alleges that Defendants misused his personal and financial data, published false credit information, failed to reinvestigate disputed entries, obstructed correction of his credit file, and profited from his credit information. (*Id.*) Plaintiff asserts causes of action or theories under the Truth in Lending Act ("TILA"), the Fair Credit

Reporting Act ("FCRA"), fraud and misrepresentation, unjust enrichment, racketeering under 18 U.S.C. § 1962(c), and alleged federal executive orders on consumer financial protection and ethics in government. (*Id*.)

On November 24, 2025, Plaintiff filed a motion titled "Motion for Correction of Credit Files, Removal of Harmful Inquiries, Damages, Human-Trafficking Based Exploitation, SEC and Securities Fraud, FTC Deceptive Trade Practices, Dodd-Frank Act Violations, Equitable Relief and Treaty Rights." (DE 9.) In that filing, Plaintiff sought immediate correction of his credit file, removal of inquiries, damages, referrals to federal agencies, and other relief. (*Id*.)

## II.    REPORT AND RECOMMENDATION

On December 4, 2025, the Magistrate Judge issued the Report recommending dismissal without prejudice and without issuance and service of process. (DE 13.) The Report found that, despite having been given an opportunity to amend, Plaintiff's Amended Complaint remained conclusory and failed to plead facts sufficient to state a plausible claim against any Defendant. (*Id*.) The Report noted that Plaintiff did not identify the specific credit entries, debts, data, disputes, time periods, or defendant-specific conduct at issue. (*Id*. at 2.) The Report also concluded that the Amended Complaint failed to provide the factual detail necessary to allow each Defendant to determine what claim was being asserted against it and on what factual basis. (*Id*. at 3.)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to file timely, specific objections could waive appellate

review. (*Id.* at 5.) Plaintiff filed objections on December 11, 2025. (DE 15.) Plaintiff later filed another objection and supporting materials on April 14, 2026. (DE 17.) Plaintiff then filed a Verified Amended Complaint on May 7, 2026. (DE 18.)

### III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Because Plaintiff proceeds *in forma pauperis*, the Court must screen the Amended Complaint under 28 U.S.C. § 1915. The Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim on

4

which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

## IV.   DISCUSSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's later filings, the Amended Complaint, the record, and the applicable law, the Court adopts the Report. Because Plaintiff proceeds pro se, his filings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to ignore a clear failure to allege facts establishing a claim currently cognizable in federal court, rewrite a complaint to include claims not presented, or construct legal arguments for a litigant. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A.   Plaintiff's Timely Objections

Plaintiff's timely objections contend that the Report erred in finding a lack of factual specificity. (DE 15.) Plaintiff asserts that his objections cure any deficiency by identifying responsible Defendants, factual conduct giving rise to liability, statutory violations, unjust enrichment, and requested relief. (*Id.* 2–3.) Plaintiff alleges that Defendants are nationwide credit bureaus and financial institutions, that he received credit solicitations, that he applied for credit and was denied, that Defendants failed to provide accurate adverse-action notices, that his credit file contained inaccuracies, and that Defendants profited from his personal data. (*Id.* at 3.)

The objections are specific enough to trigger de novo review of the Rule 8 issue. Having conducted that review, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a plausible claim.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. A complaint must contain enough factual matter to state a claim that is plausible on its face and to give each defendant fair notice of the claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Amended Complaint does not identify the specific disputed credit entry or entries at issue, the date of any dispute, the person or entity to whom any dispute was sent, what each consumer reporting agency did or failed to do after receiving any dispute, what inaccurate information remained after any reinvestigation, or how each Defendant violated a particular statutory duty. (DE 8.) Instead, the Amended Complaint relies on broad allegations that Defendants misused credit data, reported inaccurate information, failed to reinvestigate, and profited from Plaintiff's identity or financial history. (*Id*. 2–3.) These allegations are too conclusory to satisfy Rule 8.

Plaintiff's objections add some factual material, including references to credit solicitations, denials, negative accounts, credit scores, and a Capital One pre-approval denial letter. (DE 15.) However, even considering those materials, Plaintiff

still does not plead a plausible claim against *each* Defendant. The objections continue to group Defendants together, mix consumer reporting agencies, a financial institution, and individual corporate officers, and fail to identify what each Defendant did, when each Defendant did it, and why that conduct violates a particular statute.

**B.    FCRA**

Plaintiff's strongest potential theory is under the FCRA. The Court does not hold that the FCRA could never apply to Plaintiff's credit-reporting grievances. However, Plaintiff has not pleaded enough factual matter in this case to state a plausible FCRA claim against any Defendant.

To state a plausible FCRA claim against a consumer reporting agency under § 1681e(b), a plaintiff must allege facts showing that a consumer report contained inaccurate information and that the consumer reporting agency failed to follow reasonable procedures to assure maximum possible accuracy. *See* 15 U.S.C. § 1681e(b); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415–16 (4th Cir. 2001). A report may be inaccurate if it is "patently incorrect" or materially misleading in a way that "can be expected to have an adverse effect." *Dalton*, 257 F.3d at 415–16 (internal bracket omitted).

To state a plausible reinvestigation claim against a consumer reporting agency under § 1681i, a plaintiff must allege facts showing that he disputed the completeness or accuracy of specific information in his file directly with the consumer reporting agency and that the agency failed to conduct a reasonable reinvestigation or failed to delete or modify information that was inaccurate, incomplete, or could not be verified.

7

*See* 15 U.S.C. § 1681i(a); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 223–26 (3d Cir. 1997).

To state a plausible FCRA claim against a furnisher of credit information under § 1681s-2(b), a plaintiff must allege facts showing that the furnisher received notice of the dispute from a consumer reporting agency and then failed to conduct a reasonable investigation, review the relevant information, report the results of the investigation, or correct information found to be incomplete or inaccurate. *See* 15 U.S.C. § 1681s-2(b); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430–32 (4th Cir. 2004); *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148–50 (4th Cir. 2008).

Plaintiff does not allege these facts in a defendant-specific way. The Amended Complaint does not clearly identify the precise inaccurate item or items at issue, the date and contents of any dispute, the consumer reporting agency to which each dispute was sent, which Defendant received notice of which dispute, what statutory duty was triggered, or what inaccurate or unverifiable information remained after any required investigation. Plaintiff's later filings and exhibits identify some negative credit-report entries and credit-related correspondence, including references to Capital One, Credit One, SETOYOTA, Aidvantage, credit scores, and alleged identity or name inconsistencies. But those materials still do not connect each alleged inaccuracy to a particular Defendant's statutory obligation under the FCRA. Negative credit-report entries, low credit scores, adverse correspondence, and

8

generalized allegations of inaccurate reporting do not, without more, state a plausible FCRA claim against each named Defendant.

## C.    TILA

Plaintiff also fails to state a plausible claim under TILA. TILA is a disclosure statute directed at consumer credit transactions. The statute defines "credit" as the right granted by a creditor to defer payment of debt or to incur debt and defer its payment, defines "creditor" for purposes of the statute, and defines a "consumer" credit transaction as one in which credit is offered or extended to a natural person primarily for personal, family, or household purposes. 15 U.S.C. § 1602(f), (g), (i).

For credit-card applications and solicitations, TILA requires disclosure of specified credit terms, including applicable rate, fee, cost, grace-period, and balance-calculation information, on or with covered applications or solicitations. *See* 15 U.S.C. § 1637(c). Those provisions do not generally require a creditor or card issuer to disclose every underwriting criterion, eligibility requirement, credit-determining factor, or internal reason a consumer may later be denied credit.

Plaintiff alleges that Defendants issued solicitations without disclosing eligibility requirements, credit-determining criteria, or factors affecting credit terms. But Plaintiff does not identify a covered consumer credit transaction, the specific creditor or card issuer responsible for a specific required disclosure, the particular TILA disclosure that was missing or inaccurate, or how any particular Defendant failed to make that disclosure. General allegations about credit solicitations, denials,

9

credit-report harm, or undisclosed underwriting criteria are insufficient to state a TILA claim.

## D.   ECOA

Plaintiff's objections and later filings also invoke the Equal Credit Opportunity Act. (DE 15 at 3, 5– 6.) ECOA makes it unlawful for a creditor to discriminate against an applicant, with respect to any aspect of a credit transaction, on the basis of race, color, religion, national origin, sex, marital status, age, receipt of public assistance, or protected ECOA activity. *See* 15 U.S.C. § 1691(a). ECOA also requires a creditor, when taking adverse action on a completed application, to provide the applicant with a statement of reasons for the action taken or written notice of the applicant's right to obtain such reasons. *See* 15 U.S.C. § 1691(d); *see also* 15 U.S.C. § 1691a(b), (c), (d).

Plaintiff alleges that he received solicitations, applied for credit, and was denied without proper reasons. But he does not plausibly allege that any Defendant discriminated against him on any protected basis recognized by ECOA. Nor does he plead facts showing that a particular creditor took adverse action on a completed application and failed to provide the notice required by § 1691(d). Indeed, the Capital One letter attached to Plaintiff's timely objections states that no full credit application was completed and that no credit score was impacted. Accordingly, Plaintiff has not stated a plausible ECOA claim.

## E.   RICO, Trafficking, Securities, FTC, Dodd-Frank, Treaty, UCC, and Related Theories

Plaintiff's Amended Complaint, motion, objections, and later filings also refer to racketeering, human trafficking-based exploitation, securities fraud, SEC

regulations, FTC deceptive trade practices, Dodd-Frank, treaty rights, the Privacy Act, UCC provisions, trust law, and executive orders. These references do not state plausible federal claims.

Plaintiff has not pleaded the elements of a civil RICO claim, including a RICO enterprise, a pattern of racketeering activity, and injury to business or property caused by racketeering activity. Plaintiff's trafficking allegations are unsupported by facts plausibly showing forced labor, coercion, trafficking, or a violation of the cited trafficking statutes. Plaintiff's securities allegations are conclusory and do not plead a securities transaction, material misrepresentation or omission, scienter, reliance, loss causation, or other necessary facts. Plaintiff's FTC and many Dodd-Frank references do not identify a private right of action applicable to the conduct alleged. Plaintiff's UCC, treaty, trust, executive-order, and "financial trafficking" theories are also conclusory and do not provide a plausible basis for relief in this action.

## F.    Corporate Officer Defendants

Plaintiff names several corporate chief financial officers as Defendants. However, Plaintiff does not allege facts showing that any CFO personally participated in the reporting of inaccurate credit information, received or handled any dispute, directed any challenged credit-reporting conduct, or otherwise committed a personal violation of law. A corporate title alone is not enough to state a claim for personal liability. Accordingly, the claims against the individual officer Defendants are subject to dismissal.

11

### G.     Plaintiff's Later Filings

Plaintiff filed a second objection and related amended motion materials on April 14, 2026, months after the objection deadline. Plaintiff then filed a Verified Amended Complaint on May 7, 2026. (DE 18.) These filings were submitted after Plaintiff had already amended his complaint and after the Magistrate Judge issued the Report.

The Court has nevertheless considered these filings in light of Plaintiff's *pro se* status. Even if DE 17 and DE 18 are construed as proposed amended pleadings, supplements, or motions for leave to amend, they do not cure the deficiencies identified in the Report. DE 17 largely repeats Plaintiff's broad allegations about inaccurate reporting, failure to reinvestigate, TILA, ECOA, CFPB/FTC theories, unauthorized inquiries, UCC provisions, and credit-access harm. DE 18 adds Credit One Bank, additional officers, John Doe defendants, corporate agents, and data furnishers, and references alleged identity-reporting inconsistencies, Credit One account reporting, Toyota Camry payment obligations after repossession, inaccurate financial-aid reporting, and misleading account-status information.

These later filings are more detailed in some respects, but they still rely on group pleading and conclusory statutory labels. They do not plead a coherent, defendant-by-defendant claim that shows who violated which statute, when the violation occurred, what dispute or disclosure triggered the statutory duty, what information was inaccurate, and what each Defendant did or failed to do. The filings also attempt to add new parties and theories after the Report without curing the

12

fundamental pleading problem. Accordingly, to the extent DE 17 and DE 18 are construed as motions to amend, they are denied because amendment would be futile on the filings presented.

## H.    Pending Motion

Plaintiff's Motion for Correction of Credit Files, Removal of Harmful Inquiries, Damages, Human-Trafficking Based Exploitation, SEC and Securities Fraud, FTC Deceptive Trade Practices, Dodd-Frank Act Violations, Equitable Relief and Treaty Rights (DE 9) is denied as moot because the Amended Complaint is dismissed at initial screening. Alternatively, the motion is denied because it does not cure the pleading deficiencies identified above and does not establish entitlement to injunctive, equitable, or monetary relief.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's later filings, the Amended Complaint, the pending motion, the record in this case, and the applicable law, the Court finds that Plaintiff's objections are without merit and that the Magistrate Judge correctly recommended dismissal without prejudice and without issuance and service of process.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 13) and incorporates it by reference. Plaintiff's objections (DE 15; DE 17) are OVERRULED. Plaintiff's Motion for Correction of Credit Files, Removal of Harmful Inquiries, Damages, Human-Trafficking Based Exploitation, SEC and Securities Fraud, FTC Deceptive Trade Practices, Dodd-Frank Act Violations, Equitable Relief and Treaty

13

Rights (DE 9) is DENIED AS MOOT and, alternatively, DENIED because it does not cure the deficiencies identified above.

To the extent Plaintiff's later filings (DE 17; DE 18) are construed as motions to amend, supplement, or add parties, those requests are DENIED because amendment would be futile on the filings presented.

This action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 11, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.